**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

CHRISTOPHER SCOTT JEPSEN,

               Defendant.

No. CR 16-4019-MWB

**OPINION AND ORDER
REGARDING DEFENDANT'S
MOTION TO STRIKE PRIOR
CONVICTION ENHANCEMENT**

———————————————

**TABLE OF CONTENTS**

I.    **INTRODUCTION**.................................................................. 2
    *A.    The Alleged Prior Conviction* ................................... 2
    *B.    The Current Proceedings*........................................... 4
    *C.    Arguments Of The Parties* ....................................... 5

II.   **LEGAL ANALYSIS** ....................................................... 8
    *A.    Applicable Standards*................................................ 8
    *B.    Discussion*................................................................ 10
        *1.    Prior to what?*.............................................. 10
        *2.    When was the "conviction" incurred?* ............... 11
            *a.    Eighth Circuit interpretations of § 2252(b)(2)
                   and § 2252A(b)(2)*................................ 11
            *b.    Other principles of interpretation* ............ 15
        *3.    Application of the interpretation* ...................... 24

III.  **CONCLUSION** ............................................................. 25

This motion raises the surprisingly rarely litigated question of whether and when a seeming prior conviction is actually a "prior conviction" for purposes of a sentencing enhancement in a criminal prosecution for possession of child pornography. It matters, because if the prior conviction is a "prior conviction" under federal law, the defendant faces a mandatory minimum sentence of 120 months. If the prior conviction is not a "prior conviction," there is no mandatory minimum.

Defendant Christopher Scott Jepsen has moved to strike part of the Indictment against him on a charge of violating 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography) that seeks an enhanced penalty pursuant to 18 U.S.C. § 2252(b)(2) for a "prior conviction." Jepsen contends the alleged "prior conviction" was not "prior" to the date on which he allegedly violated § 2252(a)(4)(B). This is so, he contends, because his original sentence on the alleged "prior conviction" was vacated as "illegal," and a new sentence and judgment were not imposed until after he allegedly committed the current offense. In short, he argues that a "prior conviction" requires that he was not only found guilty, but sentenced, and a valid judgment entered before the date of the alleged commission of the § 2252(a)(4)(B) offense for the § 2252(b)(2) "prior conviction" enhancement to apply. Not surprisingly, the prosecution disagrees.

## I.     INTRODUCTION

### A.     The Alleged Prior Conviction

The focus of Jepsen's Motion, and hence, the focus of the following background is on Jepsen's alleged "prior conviction," rather than on the current charge against him. Jepsen admits that, on August 24, 2011, a jury in Iowa District Court for Crawford County found him guilty of two counts of sexual abuse in the third degree. The first was pursuant to IOWA CODE § 709.4(2)(c)(4), which applies when the victim was 14 or 15

years old and the defendant was at least four years older than the victim. The second was pursuant to IOWA CODE § 709.4(2)(b), which applies when the victim was 12 or 13 years old. On September 23, 2011, Jepsen was sentenced to two consecutive 10-year prison terms for the two counts of sexual abuse, but the state court suspended the prison sentences and placed Jepsen on probation for five years. *See* September 23, 2011, Judgment and Sentence (Suspended), Defendant's Exhibit A. Neither party appealed from that judgment.

In October 2014, the state moved to revoke Jepsen's probation based on his alleged admissions that he had used the internet to obtain child pornography. While preparing for the revocation proceedings, the state prosecutor noticed that Jepsen's original sentence on the second count of sexual abuse was illegal, because the age of the victim made the offense a forcible felony, so Jepsen was not eligible for a suspended sentence. Opinion of Iowa Court of Appeals, Defendant's Exhibit E, 3 (citing IOWA CODE § 702.11). Thus, the state filed a Motion To Correct Illegal Sentence, pursuant to Rule 2.24(5)(a) of the Iowa Rules of Criminal Procedure, which permits correction of an illegal sentence "at any time." Defendant's Exhibit B.

On January 29, 2016, the Iowa District Court held a hearing on the state's Motion To Correct Illegal Sentence, granted the motion, ruled that the initial sentence was illegal, and overruled Jepsen's contention that a corrected prison sentence would violate his right not to be subjected to double jeopardy. Transcript Of Hearing, Defendant's Exhibit C, 11:16-15:22. The court resentenced Jepsen to two concurrent, unsuspended 10-year prison terms. *Id*. at 36:24-37:7. That same day, the court filed a Corrected Judgment and Sentence, reiterating that, "[o]n the 24th day of August, 2011, Defendant was found guilty of the crime[s]" charged and stating Jepsen's corrected sentence on those charges. *See* January 29, 2016, Corrected Judgment and Sentence, Defendant's Exhibit D, 1-2. On February 1, 2016, the court filed an Order, which stated the following:

> As further clarification of the court's Corrected Judgment and Sentence filed January 29, 2016, except to the extent any terms were reaffirmed and incorporated into the January 29, 2016, Corrected Judgment and Sentence, the court ORDERS that the September 23, 2011, Judgment and Sentence is void and vacated accordingly.

Plaintiff's Exhibit 1.

Jepsen appealed the Corrected Judgment and Sentence on the ground that the court's failure to credit his corrected sentence for the time he served on probation violated his double jeopardy rights. Opinion of Iowa Court of Appeals, Defendant's Exhibit E, at 2. On April 5, 2017, the Iowa Court of Appeals conditionally affirmed Jepsen's new sentence and remanded for the district court to give Jepsen credit for time served in an "alternate jail facility" or a residential treatment facility. *Id*. at 12. Jepsen sought further review by the Iowa Supreme Court, and that appeal remains pending.

## B.    The Current Proceedings

On February 18, 2016, in a single-count Indictment, a grand jury charged Jepsen with "possession of child pornography" on or about August 5, 2014, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). In pertinent part, for present purposes, the Indictment charged that "[o]n or about September 23, 2011, defendant was convicted of two counts of sexual abuse in the 3rd degree in the Iowa District Court for Crawford County, Iowa."

On December 21, 2017, Jepsen filed the Motion To Strike Prior Conviction Enhancement now before me; on December 28, 2017, the prosecution filed its Response; and on December 31, 2017, Jepsen filed his Reply. On January 10, 2018, I entered an Order setting a hearing on defendant's Motion for Tuesday, January 23, 2018.

On January 11, 2018, Jepsen waived his personal presence at the January 23, 2018, hearing. The parties' arguments were particularly thoughtful and helpful to me in the disposition of this motion.

### C.     Arguments Of The Parties

Jepsen acknowledges that the question of whether any sentence on the charged offense may be enhanced for a "prior conviction" pursuant to 18 U.S.C. § 2252(b)(2) is for the court, not a jury. He also acknowledges that, if the Indictment correctly alleges that he has a "prior conviction" of the nature described in the statute, he is subject to a minimum sentence of 10 years in prison and a maximum of 20 years in prison. If it doesn't, he faces no mandatory minimum sentence and the same 20-year maximum. Jepsen also acknowledges that the statute does not define "prior conviction," so the court looks to federal, not state law, for a definition.

Jepsen contends that the disposition of his Motion depends upon the answers to two questions: (1) what must his "prior conviction" be "prior" to, and (2) when did he incur that "conviction"? He argues that the answer to the first question, under applicable federal law, is that he must have incurred the "prior conviction" before the date that he allegedly committed the federal child pornography offense. He contends that the answer to the second question is that he did not incur the "conviction" until a judgment was entered after sentencing on a finding of guilt.

In support of his argument, Jepsen contends that, in *Deal v. United States*, 508 U.S. 129 (1993), which considered the "second or subsequent conviction" enhancement in 18 U.S.C. § 924(c)(1), the Supreme Court recognized that the word "conviction" can mean either the finding of guilt or the entry of a final judgment on that finding, but that the context in which the word appears in § 924(c)(1) showed that it referred to the finding of guilt by a judge or jury. At oral arguments, Jepsen went further by arguing that *Deal*

held that "conviction," standing alone, was "ambiguous." Jepsen argues that, here, in contrast, nothing in § 2252(b)(2) suggests that Congress intended "conviction" to mean just a finding of guilt, rather than the entry of a judgment of conviction, and that interpreting "conviction" in § 2252(b)(2) to mean the entry of judgment after sentencing does not produce a nonsensical result. Jepsen relies primarily on *United States v. Pratt*, No. 12-20196, 2012 WL 2847573, at *3 (E.D. Mich. July 11, 2012) (unpublished). He contends that the court in *Pratt* saw nothing in the statute or other interpretive aids suggesting one meaning of "conviction" over another, so that the rule of lenity required the court to adopt the less punitive alternative. Although *Pratt* did not involve a void judgment on the alleged "prior conviction," as is the case, here, Jepsen argues that is immaterial, because a void judgment has no legal force or effect. Thus, he argues that the only valid judgment against him in the state case is dated January 29, 2016, which is after he allegedly committed the charged federal child pornography offense on August 5, 2014.

In response, the prosecution argues that Jepsen was convicted by a jury and sentenced on two state offenses prior to the offense conduct resulting in the current federal charge, and that the fact that Jepsen was resentenced on the state offenses after the charged conduct does not warrant the relief he requests. The prosecution points out that it is undisputed that, on August 24, 2011, Jepsen was found guilty by a jury of two counts of sexual abuse in the third degree under state law. The prosecution also points out that it is also undisputed that, on September 23, 2011, Jepsen was sentenced on those two counts and a judgment entered. Thus, the prosecution argues, as of September 23, 2011, there had been a finding of guilt, sentencing, and entry of final judgment. Therefore, the prosecution argues, even if this court adopts the conclusion in *Pratt*, Jepsen had a cognizable "prior conviction" within the meaning of § 2252(b)(2) as of September 23, 2011.

In the alternative, however, the prosecution argues that the court should follow *United States v. Storer*, 413 F.3d 918, 921-22 (8th Cir. 2005), which concluded that a "prior conviction" under the nearly identical language of 18 U.S.C. § 2252A(b)(2) does not require sentencing and a final adjudication of guilt, but only a finding of guilt by a jury or court. The prosecution points out that the finding of Jepsen's guilt on the two state charges was never voided or vacated, but was, in fact, reaffirmed in the Corrected Judgment and Sentence. Thus, the prosecution argues that Jepsen committed felony offenses against two children, and was convicted of those offenses, well before he committed the child pornography offenses with which he is now charged.

In reply, Jepsen argues that the Corrected Judgment and Sentence voided the September 23, 2011, Judgment and Sentence, so that that earlier Judgment and Sentence was a legal nullity. Jepsen agrees that 18 U.S.C. § 2252A(b)(2), the "prior conviction" enhancement at issue is *Storer*, "mirrors" § 2252(b)(2). Nevertheless, he argues that *Storer* held only that a plea of nolo contendere in Florida state court that results in a finding of guilt with adjudication withheld is a "conviction" under 18 U.S.C. § 2252A(b)(2). He points out that, when a Florida court withholds adjudication, it is required to place a felony defendant on probation. In other words, he argues, even though the formal adjudication is withheld, the defendant is still subjected to a probationary sentence as a consequence of the finding of guilt. He argues that nothing in *Storer* suggests that a defendant has suffered a "conviction" before he learns the consequence of the finding of guilt. He also reiterates that there is no textual basis for the prosecution's reading of § 2252(b)(2), so that the rule of lenity should require the interpretation that favors a defendant.

At oral arguments, I asked the parties why the interpretation of "prior conviction" in § 2252(b)(2) was not controlled by the decision of the Eighth Circuit Court of Appeals in *Storer* and its subsequent decision in *United States v. Stults,* 575 F.3d 834 (8th Cir.

2009), *cert. denied*, 559 U.S. 915 (2010). Jepsen responded that *Storer* and *Stults* showed that a finding of guilt was a necessary condition for a "prior conviction," but did not address or rule out the need for a sentence and judgment, as well. The prosecution responded that, from the circumstances presented in those cases, the court was holding that a finding of guilt was the *only* requirement for a "prior conviction." I also asked why, if *Deal* held that "conviction" was "ambiguous," did the Court not reach the rule of lenity? Jepsen responded that the Court concluded the ambiguity of the word was resolved by its context in § 924(c). Although Jepsen argued that the rule of lenity should not be applied based on the facts of a specific case, but any time the statutory language is ambiguous, he did concede that it was at least "ironic" to apply the rule of lenity, here, where his original sentence was illegal because it was too lenient.

## II.    LEGAL ANALYSIS

### A.    Applicable Standards

The enhancement I must interpret is set out in 18 U.S.C. § 2252(b)(2):

> **(2)** *Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a)* shall be fined under this title or imprisoned not more than 10 years, or both, *but* if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or *if such person has a prior conviction* under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of Title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child

> pornography, *such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.*

18 U.S.C.A. § 2252(b)(2) (emphasis added).[1]

The appellate courts review *de novo* a district court's application of a prior conviction for sentencing enhancement purposes. *United States v. Johnson*, 848 F.3d 872, 879 (8th Cir. 2017). This is so, because resolution of a claim that an enhancement does not apply requires the court to interpret the statute defining the enhancement. *United States v. Williams*, 616 F.3d 760, 766 (8th Cir. 2010); *accord United States v. Gauld*, 865 F.3d 1030, 1032 (8th Cir. 2017) (en banc) (stating, "We interpret statutes de novo," in a case challenging the "prior conviction" enhancement under 18 U.S.C. § 2252(b)). Even where a prior conviction occurred under state law, the court must look to federal

---

[1] The "prior conviction" enhancement in § 2252(b)(1) is nearly identical to the one in § 2252(b)(2):

> **(b)(1)** *Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a)* shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, *but if such person has a prior conviction* under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, *such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.*

18 U.S.C. § 2252(b)(1) (emphasis added).

law to determine the meaning of "prior conviction" under a federal statute providing an enhancement for a prior conviction. *Gauld*, 865 F.3d at 1032.

## B.    Discussion

### 1.    Prior to what?

Jepsen contends that the first critical question is, what must his "prior conviction" be "prior" to? The prosecution agrees with Jepsen that the "prior conviction" must have occurred prior to his violation of § 2252(a)(4). Both Jepsen and the prosecution rely on *United States v. Talley*, 16 F.3d 972 (8th Cir. 1994).

In *Talley*, the court considered the meaning of a "previous conviction" under 18 U.S.C. § 924(e). 16 F.3d at 975-77. I agree with the parties that there is no reasonable distinction between a "prior conviction" and a "previous conviction." The court in *Talley* resolved the question of the relative timing of the alleged "previous conviction" and the charged offense, as follows:

> We conclude that the words *previous convictions* in § 924(e) refer to convictions that occur before the defendant violates § 922(g). The plain language of § 924(e) states that it should apply to "a person who violates section 922(g) of this title and has three previous convictions." 18 U.S.C. § 924(e)(1). This interpretation of *previous convictions* is the only reasonable interpretation of the plain words of § 924(e) because it (1) gives meaning to all of the words in § 924(e), (2) interprets the words of § 924(e) in context with one another, and (3) is not contradicted by a clear intent expressed in the legislative history of § 924(e). *Cf. supra* Parts II.B.1., II.B.2.

*Talley*, 16 F.3d at 977. The court also concluded that this interpretation was consistent with both its own prior interpretations and an interpretation by the Third Circuit Court of Appeals of the predecessor statute to § 924(e). *Id.* Therefore, the *Talley* court held

"that § 924(e) applies only to individuals who have three applicable convictions prior to violating § 922(g)." *Id.*

Similarly, here, I conclude that "prior conviction" in § 2252(b)(2) refers to a conviction that occurred before the defendant violated § 2252(a)(4). This interpretation, like the one in *Talley*, gives meaning to all the words in § 2252(b)(2), interprets the words in § 2252(b)(2) in context with one another, and is not contradicted by a clear intent expressed in the legislative history of § 2252(b)(2). More specifically, the statute provides for an enhanced sentence for "*[w]hoever violates*, or attempts or conspires to violate, paragraph (4) of subsection (a) . . . if such person has a prior conviction." 18 U.S.C. § 2252(b)(2). Thus, the point of reference for determination of whether "such person" has a "prior conviction" is *when that person violates* § 2252(b)(2). Nothing in the legislative history appears to contradict such a reading. *See* H.R. REP. 105-557, H.R. REP. NO. 557, 105th Cong., 2d Sess. 1998, 1998 U.S.C.C.A.N. 678, 1998 WL 285821; S. REP. 104-358, S. REP. NO. 358, 104th Cong., 2d Sess. 1996, 1996 WL 506545.

Therefore, *Talley* answers the question of the meaning of "prior" for purposes of a "prior conviction" in § 2252(b)(2): The "prior conviction" must be prior to the defendant's violation of § 2252(a)(4) for the enhancement in § 2252(b)(2) to apply.

### 2. When was the "conviction" incurred?

Jepsen contends that the second critical question is, when did he incur that "prior conviction"? Was it when he was found guilty, or only after he was sentenced and a legally correct judgment was entered? On the answer to this question, the parties strongly disagree.

### a. Eighth Circuit interpretations of § 2252(b)(2) and § 2252A(b)(2)

In its en banc decision in *Gauld*, the Eighth Circuit Court of Appeals addressed the "prior conviction" enhancement under § 2252(b), but did not answer the question

now before me.  Rather, the court considered the defendant's contention that a juvenile-delinquency adjudication was not a "prior conviction" under § 2252(b)(1).  *Gauld*, 865 F.3d at 1032.  *Gauld* did not focus on whether or not a final "adjudication," or even a sentencing, was a requirement for a "prior conviction," but on the difference between juvenile offenses and adult offenses as "prior convictions" under federal law.  *Id*. at 1032-35.[2]

Nevertheless, other Eighth Circuit precedent compels me to conclude that "prior conviction" within the meaning of § 2252(b)(2) requires only a finding of guilt by a court or a jury.  Contrary to Jepsen's contentions, a "prior conviction" does not require sentencing and a judgment or adjudication, as well as a finding of guilt, nor does it require that the defendant otherwise know the consequences of the finding of guilt.

First, as the prosecution contends, the decision of the Eighth Circuit Court of Appeals in *Storer* strongly suggests that the correct interpretation of "prior conviction"

_____

[2] The en banc court in *Gauld* ultimately held as follows:

> Because federal law distinguishes between criminal convictions and juvenile-delinquency adjudications, and because § 2252(b)(1) mentions only convictions, juvenile-delinquency adjudications do not trigger that statute's 15-year mandatory minimum sentence.

*Gauld*, 865 F.3d at 1035.  The court held that this was so, notwithstanding that, in *United States v. Storer*, 413 F.3d 918 (8th Cir. 2005), it had "held that a Florida felony nolo contendere plea, which resulted in a finding of guilt with adjudication withheld, was an enhancement-triggering conviction under § 2252A(b)(2)."  *Id*. at 1034 (citing *Storer*, 413 F.3d at 922).  The court explained that "*Storer* and the cases on which it relied did not involve juvenile-delinquency adjudications, but rather adult deferred adjudications or suspended sentences [and] [u]nlike juvenile-delinquency adjudications, these state-law forms of adult adjudication lack a comprehensive federal analogue like the FJDC."  *Id*. at 1034 (internal citations omitted) (citing *Storer*, 413 F.3d at 921-22).

is a prior finding of guilt, because *Storer* addressed nearly identical language in a companion statute, § 2252A(b).[3]  413 F.3d at 921.  The pertinent part of the decision in *Storer* is the following:

> Although we have not specifically addressed whether a Florida nolo contendere plea with adjudication withheld constitutes a prior "conviction" for purposes of a sentence enhancement under § 2252A(b)(2)—we have defined "conviction" for purposes of sentence enhancements for prior felony drug offense convictions under 21 U.S.C. § 841. In *[United States v.] Slicer*, 361 F.3d [1085,] 1087 [(8th Cir. 2004)], we held that a defendant's prior guilty plea to a Missouri felony drug offense, for which the defendant received a suspended sentence, constituted a prior conviction for purposes of a sentence enhancement under § 841. In *United States v. Franklin*, 250 F.3d 653, 665 (8th Cir.), *cert.*

---

[3] The "prior conviction" enhancement in § 2252A(b)(2) is as follows:

> **(2)** *Whoever violates, or attempts or conspires to violate, subsection (a)(5)* shall be fined under this title or imprisoned not more than 10 years, or both, *but*, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or *if such person has a prior conviction* under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, *such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.*

18 U.S.C.A. § 2252A(b)(2) (emphasis added).

*denied*, 534 U.S. 1009, 122 S.Ct. 495, 151 L.Ed.2d 406 (2001), we similarly affirmed a sentence enhancement under § 841(a)(1) that was based on a prior Missouri conviction that resulted in a suspended sentence, noting that "Missouri law does not control the question of what constitutes a 'conviction' for purposes of 21 U.S.C. § 841." Likewise, in *[United States v.] Ortega*, 150 F.3d [937,] 948 [(8th Cir. 1998)], we held that a prior Missouri conviction that resulted in a suspended sentence was a conviction under federal law for purposes of § 841. In each of these cases, the fact that the state "conviction" was not treated as such under state law was not controlling.

We also find instructive the Eleventh Circuit's conclusion that a plea of nolo contendere in Florida state court that results in a finding of guilt with adjudication withheld supports a sentence enhancement under § 841. *See United States v. Fernandez*, 58 F.3d 593, 600 (11th Cir.1995); *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir.1995); *see also United States v. Acosta*, 287 F.3d 1034, 1036–37 (11th Cir.) (holding that prior felony drug offense adjudication under New York's youthful offender statute was prior conviction for sentence enhancement purposes under § 841), *cert. denied*, 537 U.S. 926, 123 S.Ct. 321, 154 L.Ed.2d 219 (2002).

Because Congress provided no explicit language to the contrary in § 2252A(b)(2), we apply federal law to conclude that Storer's Florida felony offense and nolo contendere plea, which resulted in a finding of guilt with adjudication withheld, qualifies as a conviction for purposes of § 2252A(b)(2)'s mandatory minimum ten-year sentence of imprisonment. The District Court did not err in so holding.

*Storer*, 413 F.3d at 921–22; *accord United States v. Loisel*, 181 F. App'x 613, 614 (8th Cir. 2006) (holding that the defendant's argument that a deferred judgment did not constitute a prior conviction under § 2252A(b)(2) was "foreclosed by our ruling in

[*Storer*]."). Thus, *Storer* squarely held that imposition of a sentence and a final adjudication of guilt are not required for a prior offense to be a "prior conviction" under § 2252A(b)(2). Rather, what was required was a finding of guilt, whether by plea, as in *Storer*, or by a finding of a jury or court. Indeed, as the prosecution argues, and contrary to Jepsen's contention, *Storer* specifically rejected the argument that a "prior conviction" required a sentence and final adjudication as well as a finding of guilt.

Subsequently, in *United States v. Stults*, 575 F.3d 834 (8th Cir. 2009), *cert. denied*, 559 U.S. 915 (2010), the Eighth Circuit Court of Appeals addressed precisely the "prior conviction" enhancement at issue in this case, under § 2252(b)(2). In pertinent part, the court in *Stults* held as follows:

> Stults's assertion that his prior conviction is insufficient to invoke the mandatory minimum because it was based on a plea of nolo contendere is without merit *because Stults's plea "resulted in a finding of guilt." United States v. Storer*, 413 F.3d 918, 922 (8th Cir.2005) ("Because Congress provided no explicit language to the contrary in § 2252A(b)(2), we apply federal law to conclude that [the defendant's] Florida felony offense and nolo contendere plea, which resulted in a finding of guilt with adjudication withheld, qualifies as a conviction for purposes of § 2252A(b)(2)'s mandatory minimum ten-year sentence of imprisonment.").

*Stults*, 575 F.3d at 846 (emphasis added). Thus, according to *Stults*, what establishes a "prior conviction" under § 2252(b)(2) is a finding of guilt, not imposition of a sentence or an adjudication.

### b.    *Other principles of interpretation*

Even if I did not believe that the Eighth Circuit Court of Appeals has already answered Jepsen's second question, I would still conclude that a "prior conviction" under § 2252(b)(2) requires only a finding of guilt, not sentencing and a judgment, as well. There is admittedly no stated definition of "prior conviction" within the meaning of the

chapter of the United States Code pertaining to sexual exploitation and other abuse of children. *See* 18 U.S.C. § 2256. Nor does the possibility that "conviction" could carry either meaning asserted, here, necessarily render that term ambiguous, and the Supreme Court certainly did not say so in *Deal*.

In *Deal*, the Supreme Court considered an enhancement in 18 U.S.C. § 924(c)(1), which provided, "In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years. . . . " The Court observed, "It is certainly correct that the word 'conviction' can mean either the finding of guilt or the entry of a final judgment on that finding." 508 U.S. at 131. The Court went on to explain,

> But of course susceptibility of all of these meanings does not render the word "conviction," whenever it is used, ambiguous; all but one of the meanings is ordinarily eliminated by context. . . . Petitioner's contention overlooks, we think, this fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.

*Deal*, 508 U.S. at 131-32 (citations omitted). Looking at "context," the Court concluded as follows:

> In the context of § 924(c)(1), we think it unambiguous that "conviction" refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction. A judgment of conviction includes both the adjudication of guilt and the sentence. *See* Fed.Rule Crim.Proc. 32(b)(1) ("A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication *and sentence*" (emphasis added)); *see also* Black's Law Dictionary 843 (6th ed. 1990) (quoting Rule 32(b)(1) in defining "judgment of conviction"). Thus, if "conviction" in § 924(c)(1) meant "judgment of conviction," the provision

> would be incoherent, prescribing that a sentence which has
> already been imposed (the defendant's second or subsequent
> "conviction") shall be 5 or 20 years longer than it was.

*Deal*, 508 U.S. at 132.

Here, the "context" of the "prior conviction" language in § 2252(b)(2) does not appear to eliminate either of the meanings advocated by the parties. Reading "conviction" in § 2252(b)(2) to mean both the adjudication of guilt and the sentence also does not lead to the same "incoherent" result encountered by the Supreme Court with that reading of "conviction" in § 924(c)(1). Nevertheless, other "principles of statutory construction" lead me to the appropriate interpretation. *Deal*, 508 U.S. at 131-32 (relying on other principles of statutory construction, besides the "context" of the disputed term, including whether a proposed meaning had "strange" or "absurd" results).

One such principle is that federal law governs the determination of the meaning of "prior conviction" in § 2252(b)(2). *Gauld*, 865 F.3d at 1032. Under federal law, in the absence of a statutory definition, a "conviction" requires only a finding of guilt, not sentencing or a final judgment or adjudication. *Stults*, 575 F.3d at 846 (explaining that the federal law definition of "conviction" under § 2252(b)(2) requires only a finding of guilt, citing *Storer*, 413 F.3d at 922); *Storer*, 413 F.3d at 921–22 (holding that the federal law definition of "conviction" under § 2252A(b)(2) required only a finding of guilt). More specifically, the court in *Storer* determined that a consequence of the applicability of federal law, rather than state law, to determine the meaning of "conviction" when it was not defined for purposes of the statute in question, was that a "conviction" depended upon a finding a guilt, even if the sentence was suspended and adjudication was withheld. 413 F.3d at 921-22. The court found it instructive that, in various decisions from this circuit and the Eleventh Circuit, the Courts of Appeals had concluded that a "prior conviction" for purposes of a sentence enhancement under 21 U.S.C. § 841 depended upon a finding of guilt, even if a sentence was suspended. *Id*. (citing cases). Jepsen has

not identified any decision, other than *Pratt*, that holds that, in the absence of a definition, a "conviction" requires a sentence and a judgment, not just a finding of guilt.[4]

Jepsen reads *Storer* to hold that, even if the formal adjudication is withheld, there is a "conviction" where the defendant is still subjected to a probationary sentence as a consequence of the finding of guilt. Thus, he argues that nothing in *Storer* suggests that a defendant has suffered a "conviction" before he learns the consequence of the finding of guilt. This argument, however, is akin to the contention of the dissent in *Deal* that the enhancement in § 924(c) is directed at those who "failed to learn their lessons from the initial punishment," because Jepsen's argument also appears to rely on nothing but personal intuition, rather than a reading of either § 2252(b)(2) or *Storer*. *See Deal,* 508 U.S. at 136. There is no discussion of knowledge of the consequences of guilt as defining a "conviction" in *Storer*, nor is there any language in § 2252(b)(2) from which such a meaning could be drawn.

Thus, I conclude that, absent an applicable statutory definition, a "prior conviction" under federal law requires only a finding of guilt prior to the alleged violation of a federal statute.

---

[4] In *Pratt*, the district court attempted to determine the meaning of "prior conviction" for purposes of an enhancement under § 2252A(b)(2), the "mirror" statute, because there was no applicable statutory definition. The district court first made much of the fact that "Congress has used both definitions" of "prior conviction," that is, only a finding of guilt or a finding of guilt and the imposition of sentence. 2012 WL 2847573, at 1; *see also id.* at 4-5. The court also noted that the statutory text and the federal reports were silent on this issue, and the ostensible legislative purpose of § 2252A(b)(2) did not unequivocally point to one definition rather than another. 2012 WL 2847573, at 1. The court concluded, "Since neither text, nor legislative purpose, nor any other interpretive means favor one definition rather than the other, the rule of lenity requires this Court adopt the less punitive alternative." *Id.*

Furthermore, "'[e]specially in the interpretation of a criminal statute subject to the rule of lenity, we cannot give the text a meaning that is different from its ordinary, accepted meaning.'" *United States v. Hughes*, 795 F.3d 800, 805 (8th Cir. 2015) (quoting *Burrage v. United States*, ––– U.S. ––––, 134 S. Ct. 881, 891 (2014)). The ordinary meaning of "conviction" is consistent with what I have concluded is the federal law definition. *See, e.g.,* Oxford English Dictionary, http://www.oed.com/view/ Entry/40829?redirectedFrom=conviction#eid ("The action of convicting or convincing. 1.a. The proving or finding a person guilty of an offence with which he is charged before a legal tribunal; legal proof or declaration of guilt; the fact or condition of being convicted," albeit adding "*sometimes* including the passing of sentence." (emphasis added)); Merriam-Webster Dictionary, www.merriam-webster.com/dictionary/ conviction ("Definition of conviction: 1 : the act or process of finding a person guilty of a crime especially in a court of law"). Moreover, in *Deal*, the Supreme Court rejected the dissent's contention that the "obvious" meaning of the "second or subsequent conviction" enhancement in § 924(c)(1) was that it applied only if an offense was committed after a previous sentence had become final. 508 U.S. at 134. Thus, Jepsen's interpretation of "prior conviction," here, is not the ordinary, accepted meaning.

This interpretation of "conviction" as requiring only a finding of guilt is also "'a sensible construction' that avoids attributing to the legislature either 'an unjust or an absurd conclusion.'" *United States v. Granderson*, 511 U.S. 39, 56 (1994) (quoting *In re Chapman*, 166 U.S. 661, 667 (1897)); *Deal*, 508 U.S. at 132, 134 (rejecting an interpretation that led to an "absurd" result or "strange consequences"). The application of Jepsen's interpretation in three hypothetical scenarios, only one of which matches his situation, demonstrates that his interpretation leads to absurd results or, at the very least, strange consequences. Those hypothetical scenarios are shown, first, in graphic form, then discussed, below:



## Scenario 1:  Enhancement applies (Not this case)

Commission of and judgment on the federal offense are *after* the Corrected Judgment on the state offenses.  Under Jepsen's interpretation, the enhancement applies, because there is a valid judgment (the Corrected Judgment) on the state offenses before commission of the federal offense.

Although the first scenario is not what happened here, Jepsen would likely agree that the enhancement would apply, under his interpretation, if he did not commit the federal offense until after what he considers to be the only valid judgment (the Corrected Judgment) on the state offenses.

## Scenario 2:  Enhancement applies (Not this case)

Commission of and judgment on the federal offense are after the original Judgment on the state offenses, but *before* the Corrected Judgment.  Under Jepsen's interpretation, the enhancement applies, and Jepsen conceded that at oral arguments, because the original Judgment on the state offenses was still valid and was entered before commission of the federal offense.

The second scenario also is not what happened here:  Jepsen was not found guilty or sentenced on the federal offense before the Corrected Judgment on the state offenses (and he still hasn't been).[5]

## Scenario 3:  Enhancement does not apply (This case)

Commission of, but not judgment on, the federal offense occurs before the Corrected Judgment.  In other words, the federal proceedings "straddle" the date of the Corrected Judgment.  Under Jepsen's interpretation, the enhancement does not apply, because there is no valid judgment on the state offenses before commission of the federal offense, and the court knows that at the time of the federal sentencing.

The third scenario is what happened here:  Jepsen committed the federal offense after September 23, 2011, and before January 29, 2016, but he was not found guilty or sentenced on the federal offense before January 29, 2016 (and he still hasn't been).  This is the only scenario under Jepsen's interpretation in which it is clear at sentencing on the federal offense that there was no valid judgment on the state offenses before Jepsen committed the federal offense, and hence, no "prior conviction."

Under Jepsen's interpretation, there is an enhancement in the first two scenarios, but there isn't in the third scenario.  Also, in both the second scenario and the third scenario, what is a "prior conviction" depends, in part, upon when the federal offense came to judgment, not merely on when the conduct violating the federal statute occurred,

---

[5] In this hypothetical scenario, perhaps Jepsen could later challenge the enhancement of his federal sentence in a § 2255 Motion, *after the Corrected Judgment* on the state offenses, arguing that the original Judgment on the state offenses had never been valid, so there had been no "prior conviction" prior to his commission of the federal offense.  The original Judgment on the state offenses would have appeared valid, however, at the time of the federal sentencing.

in relation to the alleged "prior conviction," but that is contrary to the conclusion in Section II.B.1., above. In these scenarios Jepsen's criminal conduct on his state offenses and federal offense would be the same and would have occurred in the same order. Nevertheless, his potential mandatory minimum sentence on the federal charge would be dramatically and inexplicably different under the first two scenarios, where the § 2252(b)(2) enhancement would apply, from what it would be under the third, where the § 2252(b)(2) enhancement would not apply. This result is, if not "absurd," *see Deal*, 508 U.S. at 132, certainly a "strange consequence," *id.* at 134, because it creates anomalies in the application of the enhancement that are based on no apparent (or reasonable) congressional intent. On the other hand, using the court's interpretation (only a prior finding of guilt is required to make a prior offense a "prior conviction"), the enhancement applies in all three scenarios.

Neither of the parties, here, has pointed to any legislative history that provides insight into the meaning of "prior conviction" under § 2252(b)(2), and neither have I. *See* H.R. REP. 105-557, H.R. REP. NO. 557, 105th Cong., 2d Sess. 1998, 1998 U.S.C.C.A.N. 678, 1998 WL 285821; S. REP. 104-358, S. REP. NO. 358, 104th Cong., 2d Sess. 1996, 1996 WL 506545. Certainly, there is none indicating that Congress intended the "strange consequences" of application of the "prior conviction" enhancement in § 2252(b)(2), as Jepsen has interpreted it, in various hypothetical situations. Even without specific legislative history, however, we are not completely without insight into congressional intent. The Supreme Court's decision in *Deal* antedated the passage of the § 2252(b)(2) enhancement. Thus, when it passed § 2252(b)(2), Congress was aware of the discussion of the multiple possible meanings of "conviction" in statutes imposing prior conviction enhancements. *See Deal*, 508 U.S. at 131. More specifically still, Congress was aware that, in *Deal*, the Supreme Court had distinguished "conviction," meaning a finding of guilt, from "judgment of conviction,"

which then-Rule 32(b)(1), now-Rule 32(k)(1), of the Federal Rules of Criminal Procedure defines as including both the adjudication of guilt and the sentence. *Id.* at 132. Thus, it seems likely that, had Congress intended "conviction" to mean not just a finding of guilt, but an adjudication and sentence, as well, Congress would have used the phrase "prior judgment of conviction," rather than just "prior conviction," in § 2252(b)(2). *See, e.g., Mississippi ex rel. Hood v. AU Optronics Corp.*, ---- U.S. ----, ----, 134 S. Ct. 736, 742 (2014) (stating, "[W]e presume that 'Congress is aware of existing law when it passes legislation,'" quoting *Hall v. United States*, 566 U.S. 506, 516 (2012), and concluding that Congress used a term in a statute in the same way it was used in a Federal Rule of Civil Procedure); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 696–98 (1979) (stating, "It is always appropriate to assume that our elected representatives, like other citizens, know the law," and concluding that the Court was "justified in presuming both that those representatives were aware of the prior [judicial] interpretation of [one statute] and that that interpretation reflects their intent with respect to [another, related statute]").

Therefore, I rest upon the interpretation indicated by these principles of interpretation, which is that a "prior conviction" within the meaning of § 2252(b)(2) requires only a finding of guilt.

Finally, because I conclude that, under federal law, a "prior conviction" within the meaning of § 2252(b)(2) requires only a finding of guilt, not a sentence and a lawful judgment as well, I find it unnecessary to consider the rule of lenity. *Contra Pratt*, 2012 WL 2847573, at 1; *see also Deal*, 508 U.S. at 135 (where there was no ambiguity, after applying principles of construction, there was "no occasion to invoke the rule of lenity"); *United States v. Walker*, 720 F.3d 705, 708-09 (8th Cir. 2013) ("'The rule of lenity, however, is not applicable unless there is a grievous ambiguity or uncertainty in the language.'" (quoting *United States v. Speakman*, 330 F.3d 1080, 1083 (8th Cir. 2003), in turn quoting *Chapman v. United States*, 500 U.S. 453, 463 (1991)). Even if I did

consider application of the rule of lenity, however, I would find its application to these facts exceptionally distasteful. This is so, because Jepsen's "illegal" sentence on one of the state offenses was way too lenient, not too harsh, where probation was not available for that offense, so that Jepsen's ultimate sentence on the state offenses pursuant to the Corrected Judgment and Sentence was considerably longer than it was pursuant to the original September 23, 2011, Judgment. While defense counsel may ultimately be correct that a judge cannot consider the specific facts of the underlying case in deciding whether to apply the rule of lenity, it would be, at a minimum, extraordinarily ironic to apply it here.

Therefore, under principles of statutory interpretation, Jepsen's state offenses were a "prior conviction" within the meaning of § 2252(b)(2), if he had been found guilty on those offenses prior to the date he allegedly committed the current offense.

### 3. *Application of the interpretation*

I conclude that the Indictment properly charged Jepsen with a § 2252(a)(4) offense with a "prior conviction" that may subject him to the enhanced penalty of § 2252(b)(2). This conclusion is based on both the requirements of Eighth Circuit precedent and applicable principles of interpretation of a federal criminal statute.

Here, I am not persuaded by Jepsen's argument that there simply was no valid finding of guilt prior to his alleged violation of § 2252(a)(4). That argument is based on his contention that the January 29, 2016, Corrected Judgment and Sentence completely voided the September 23, 2011, Judgment and Sentence, making it a legal nullity. To the contrary, the Corrected Judgment and Sentence expressly reiterated that "[o]n the 24th day of August, 2011, Defendant was found guilty of the [state] crimes" at issue. Defendant's Exhibit D at 1. Thus, the Corrected Judgment and Sentence still recognized the validity of the August 24, 2011, finding of guilt. If there were any doubt that the August 2011 finding of guilt remained valid, the February 1, 2016, Order, eliminated

any doubt by stating that the September 23, 2011, Judgment and Sentence was void and vacated, "except to the extent any terms were reaffirmed and incorporated into the January 29, 2016, Corrected Judgment and Sentence." Plaintiff's Exhibit 1. Because the Corrected Judgment and Sentence expressly reaffirmed and incorporated the August 24, 2011, finding of guilt, there was a valid finding of guilt on the state crimes prior to the date Jepsen allegedly violated § 2252(a)(4).

In short, Jepsen's state offenses count as a "prior conviction" within the meaning of § 2252(b)(2), because he had been found guilty on those offenses prior to the date he allegedly committed the current offense.

## III.    CONCLUSION

Upon the foregoing, defendant Jepsen's December 21, 2017, Motion To Strike Prior Conviction Enhancement (docket no. 23) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 26th day of January, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA