# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>CHRISTOPHER SCOTT JEPSEN,<br><br>Defendant. | No. CR 16-4019-MWB<br><br>**ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S GUILTY PLEA** |

_____

## *I.    BACKGROUND*

On February 18, 2016, an Indictment charged defendant Christopher Scott Jepsen with one count of possession of child pornography, after a prior conviction of sexual abuse in the third degree in Iowa state court, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Jepsen initially pleaded not guilty to the charge, but on April 23, 2018, he entered a notice of his intention to plead guilty in this case.

On May 7, 2018, Jepsen appeared before United States Magistrate Judge Kelly K.E. Mahoney and entered a plea of guilty to the sole count of the Indictment pursuant to a Rule 11(c)(1)(C) plea agreement, a copy of which was entered into evidence. On May 8, 2018, Judge Mahoney filed a Report And Recommendation that Jepsen's guilty plea be accepted, and on May 10, 2018, she filed an Amended Report And Recommendation making the same recommendation. Judge Mahoney explained, *inter alia*, that she had advised Jepsen that, at the sentencing hearing, the district judge would consider whether or not to accept the plea agreement and impose the agreed sentence. She explained that she advised Jepsen, further, that if the district judge decided to accept

the plea agreement and impose the agreed sentence, then Jepsen would receive the agreed sentence, but if the district judge decided to reject the plea agreement and impose a different sentence, then Jepsen would have an opportunity to withdraw his plea of guilty and plead not guilty.

No party filed objections to the Report And Recommendation by the deadline of May 24, 2018. Consequently, I now undertake the necessary review of Judge Mahoney's recommendation to accept Jepsen's guilty plea in this case.

## II.   APPLICABLE STANDARDS

A district judge must review a magistrate judge's Report And Recommendation in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b). Thus, when a party objects to any portion of a Report and Recommendation, the district judge must undertake a *de novo* review of that portion.

On the other hand, any portion of a Report and Recommendation to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained,

"[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A district judge may elect to review a Report and Recommendation under a more-exacting standard even if no objections are filed:

> Any party who desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because the parties have filed no objections to the Report And Recommendation, I have reviewed the Report And Recommendation for clear error. *Grinder*, 73 F.3d at 795; 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b). Based on that review, I am not "left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573-74. As such, I hereby **accept** the Report And Recommendation and **accept** defendant Jepsen's plea of guilty in this case to Count 1 of the Indictment. ***However***, I will not decide at this time whether I will accept the parties' Rule 11(c)(1)(C) plea agreement and the agreed upon sentence in that plea agreement. Instead, I will make that determination after reviewing the Presentence Investigation Report. In the event I decide not to accept the terms of the parties' plea agreement, defendant Jepsen will be given the opportunity to withdraw his plea of guilty or not to

withdraw his guilty plea and proceed with the sentencing.  *See* FED. R. CRIM. P. 11(c)(5).[1]

**IT IS SO ORDERED**.

**DATED** this 29th day of May, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[1]*United States v. Cortez-Hernandez*, 673 F. App'x 587, 590-91 (8th Cir. 2016) (per curiam), suggests that a defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b).  I will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within seven days after this order is filed.